## Klaas' Estate

*Wallace M. Keely* and *Gustave F. Straub*, for accountant.

*Robert B. Brunner* and *Samuel D. Conver*, for exceptant.

*Franklin L. Wright* and *Sidney E. Smith*, contra.

HOLLAND, P. J., April 15, 1942.—The adjudication upon the second and final account of David J. Smyth and C. Egerton Warburton, executors, was filed and confirmed nisi on March 23, 1942. Exceptions thereto were filed on behalf of Evelyn Hall Warburton, administratrix of the estate of Barclay H. Warburton, Jr., deceased, on March 31, 1942. Oral argument was heard and briefs have been submitted, exceptant relying on the same contention and authorities as before.

The complaint is to the award of the balance for distribution, $1,000, to the Swiss Consul, attorney-in-

fact for claimants, instead of to exceptant, personal representative of one of the two equal beneficiaries under decedent's will.

Exceptant's position rests on the assumption that the claims were but moral obligations; that a moral obligation will not be enforced unless there has been an express promise to pay; and that the record here discloses no express promise by Barclay H. Warburton to pay the claims.

It appears, however, that the claims did not originate as moral obligations, but as legal obligations of decedent in her lifetime. At the time of the executors' first account, the statute of limitations had run its course. That did not extinguish the claims. Few questions are as well settled as that the statute of limitations is an affirmative defense, which must be pleaded. Being in doubt as to whether or not to defeat allowance of the claims by interposing this defense, accountants asked time to investigate further. As C. Egerton and Barclay H. Warburton were the sole and equal beneficiaries, the amount of the claims, if allowed, would come out of their pockets. The latter, while he made no express promise to pay, did clearly indicate that he was satisfied to leave the inquiry and decision to the former—whatever he and his co-executor decided "would suit" him. Subsequently C. Egerton Warburton did satisfy himself that the claims should be allowed and actually paid over his share of the amount awarded back upon the first accounting.

The obligor here was, of course, the decedent and not Barclay H. Warburton. The claims are against decedent, and not against her beneficiary. Even though the latter's statement falls short of constituting an express promise such as is required of an obligor for enforcement of a moral obligation against him, it suffices as authorization for not interposing the affirmative defense of the statute of limitations.

And now, April 15, 1942, the exceptions are dismissed and the adjudication is confirmed absolutely.